IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO. 1:07-cr-00011-MP-AK

JUSTIN M. RENTERIA,

    Defendant.
_____/

**O R D E R**

    This matter is before the Court on Doc. 85, Motion for Franks Hearing, filed by Defendant Justin Renteria.  In the motion, Defendant requests that an evidentiary hearing be held pursuant to Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978), in order to determine which statements by law enforcement officers were used to establish probable cause for the issuance of the search warrant.  Specifically, Defendant seeks clarification regarding the allegations that officers smelled marijuana odor outside of Defendant's residence.  The Government has filed a response in opposition to Defendant's motion, Doc. 95, stating that because Defendant has not alleged that the affidavit contains deliberate falsehoods or was made in reckless disregard for the truth, the motion must be denied.

    In Franks, the Supreme Court held that under certain circumstances a defendant may challenge the veracity of a sworn statement used by police to procure a search warrant.

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

438 U.S. at 156.  If, at that hearing, a defendant proves the allegation of perjury or reckless disregard by a preponderance of the evidence, and the affidavit's remaining content is

insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit. Id.  The Government contends that Defendant has not made a preliminary showing that any false statement or reckless disregard for the truth was included in the warrant affidavit, and therefore Defendant is not entitled to an evidentiary hearing.  The Government further argues that Defendant seeks an opportunity to cross-examine the affiant to discover whether the statements made in the affidavit were false, which is plainly forbidden under Franks.  The Court agrees with the Government that Defendant has failed to offer proof of any allegations of deliberate falsehood or of reckless disregard for the truth.  Accordingly, Defendant has not made the requisite showing to be entitled to a hearing under Franks, and Defendant's motion is denied.

    **DONE AND ORDERED** this   *17th* day of July, 2007

                             *s/Maurice M. Paul*
                         Maurice M. Paul, Senior District Judge